**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALBERT BEVERLY,

                         Plaintiff,

       - v -                                Civ. No. 1:18-CV-1293
                                                (GLS/DJS)

COUNTY OF RENSSELAER, *et al.*,

                         Defendants.

**APPEARANCES:**                                             **OF COUNSEL:**

ALBERT BEVERLY
Plaintiff, *Pro Se*
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Albert Beverly. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and has instead submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 4, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915A & 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the

plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim

showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff's Complaint alleges that Defendant Romano slanderously reported to Defendants Panichi and Manzer that Plaintiff had committed a crime against her, and that Defendant Manzer, with the assistance of six unnamed City of Watervliet Police Officers, arrested Plaintiff for a "non-felony offense" inside his home without a warrant or probable cause, when no exigent circumstances were present. Compl. at pp. 4-6.[1] Plaintiff alleges that he was then confined in the Rensselaer County Jail in the custody of Defendant Russo. *Id.* at p. 5. Plaintiff alleges that Defendants Abelove, Benson, Pallozzi, Kehn, and Young became aware of the warrantless arrest, and have conspired with Defendants Russo, Panichi, and Manzer to cause Plaintiff's imprisonment. *Id.* Plaintiff further alleges that Defendants Kehn, Young, Abelove, Benson, and Pallozzi conspired to cover up the violation of Plaintiff's rights by omitting facts from a Rensselaer Grand Jury and falsifying documentary evidence, furthering the unlawful imprisonment of Plaintiff. *Id.* at p. 9. Plaintiff states that he asserts his claims pursuant to "his 1st amendment right to freedom of expression, his 4th

---

[1] The Complaint is not paginated; as such, the Court will cite to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

Amendment right to be free from unlawful seizure of his person, his 5th and 14th amendment rights to due process of law, and his 8th amendment right to be free from cruel and unusual punishment." Compl. at p. 6. Plaintiff seeks compensatory and punitive damages. *Id.*

### C. Analysis

*1. Plaintiff's Claims Against Judges and Prosecutors*

It is clear from the Complaint that Defendants Kehn, Young, Abelove, Benson, and Pallozzi are entitled to immunity.[2] In actions brought under 42 U.S.C. § 1983, judges and prosecutors enjoy absolute immunity from suit for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), for the proposition that prosecutors are absolutely immune for actions related to the prosecutorial function). In his Complaint, Plaintiff alleges that "[a]t all times relevant hereto, and in all their actions described herein, defendant[]s Kehn, Young, Abelove, Benson and Pallozzi were acting under color of law and pursuant to their authority as judges, district attorney, assistant district attorney and special prosecutor." Compl. at p. 4. Plaintiff asserts that these individuals

---

[2] The Court notes that although immunity from suit is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

violated his rights in causing his prosecution and detention, which clearly relate to the official duties of judges and prosecutors. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature"); *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995). Therefore, the Court recommends dismissing Plaintiff's claims against Defendants Young, Kehn, Abelove, Benson, and Pallozzi.

## 2. *The Remaining Claims*

The Complaint alleges that Plaintiff was arrested without a warrant or probable cause, and was improperly held in custody as a result. Plaintiff's claims as currently pled may well be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. at 486-87. The facts surrounding Plaintiff's claims regarding his arrest and prosecution are a bit unclear insofar as the Complaint does not specifically allege whether the criminal charges filed against him have been resolved or whether those charges remain pending. Numerous courts have held that a plaintiff "cannot pursue a civil rights claim based on false arrest and malicious prosecution while criminal charges are still

pending against him in State Court." *Singleton v. State of N. Y.*, 1998 WL 438530, at *2 (S.D.N.Y. July 31, 1998) (citing cases). "If there are charges that are pending or if plaintiff pleaded guilty to the charges/has been convicted of the charges, the potential claims for false arrest and false imprisonment may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)." *Hardie v. City of Albany*, 2018 WL 4026736, at *5 (N.D.N.Y. Aug. 22, 2018), *report and recommendation adopted*, 2018 WL 4288614 (N.D.N.Y. Sept. 7, 2018). As such, Plaintiff's claims regarding an improper arrest, conviction, and/or imprisonment should be dismissed.

Plaintiff also purports to assert First and Eighth Amendment claims but does not allege any relevant facts in his Complaint that would support such claims. As such, Plaintiff has failed to provide "a short and plain statement of the claim showing that [he] is entitled to relief," and any such claims should be dismissed. FED. R. CIV. P. 8; *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998).

### 3. *Nature of Dismissal*

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). However, where the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile. *Kunz v. Brazill*,

2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). To the extent Plaintiff seeks to assert claims that are barred by absolute immunity, granting leave would be futile and so it is recommended that Plaintiff's claims against Defendants Kehn, Young, Abelove, Benson, and Pallozzi be dismissed with prejudice. Plaintiff's claims against the remaining Defendants may be cured with repleading, however, and the Court recommends that Plaintiff's claims against these Defendants be dismissed without prejudice.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's claims against Defendants Kehn, Young, Abelove, Benson, and Pallozzi be dismissed with prejudice; and it is further

**RECOMMENDED,** that Plaintiff's claims against Defendants County of Rensselaer, Rensselaer County Sheriff's Department, Sheriff Patrick Russo, Sergeant J.E. Panichi, Deputy J.W. Manzer, Sarah E. Romano, and Six Unknown City of Watervliet Police Officers be dismissed without prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   December 12, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge