**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALBERT BEVERLY,

         Plaintiff,

 - v -                Civ. No. 1:18-CV-1293
                      (GLS/DJS)

COUNTY OF RENSSELAER, *et al.*,

          Defendants.

**APPEARANCES:**         **OF COUNSEL:**

ALBERT BEVERLY
Plaintiff, *Pro Se*
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

On November 5, 2018, *pro se* Plaintiff commenced this action pursuant to 42 U.S.C. §§ 1983 & 1988; he also moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1 & 4. The Court granted Plaintiff's motion to proceed IFP, and conducted an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. Dkt. Nos. 6 & 7. The Court recommended dismissing Plaintiff's claims against a number of Defendants with prejudice on immunity grounds; it also recommended dismissing the remainder of the causes of action with leave to replead because Plaintiff had failed to sufficiently plead those claims. *Id.* (citing FED. R. CIV. P. 8). The District Court adopted the Report-Recommendation and Order on

January 22, 2019. Dkt. No. 9. Plaintiff filed an Amended Complaint on February 7, 2019. Dkt. No. 11. The Amended Complaint has been referred to this Court to perform a review of its sufficiency pursuant to 28 U.S.C. §§ 1915(e) & 1915A.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has

been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to

dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

## B. Allegations Contained in Plaintiff's Complaint

Plaintiff's Amended Complaint alleges that on May 17, 2018, Defendant Romano, an informant for the Rensselaer County Sheriff's Department, slanderously reported to Defendant(s) Panichi and/or Manzer that Plaintiff had committed a crime against her. Am. Compl. at p. 4.[1] Defendant(s) Panichi and/or Manzer, without reasonable cause to believe Plaintiff had committed any offense against Romano, directed Defendant Gladwin to go to Plaintiff's residence and arrest him. *Id.* Gladwin, with the assistance of six unnamed City of Watervliet Police Officers, entered Plaintiff's home without an arrest warrant, without probable cause to believe Plaintiff had committed an offense, and without Plaintiff's permission, and arrested Plaintiff. *Id.* at pp. 4-5 & 6-7. Plaintiff alleges that the Defendants then arrested him and transported him to the Rensselaer County Sheriff's Department, and he was then confined in the Rensselaer County Jail. *Id.* at pp. 7 & 10. Plaintiff was charged and indicted on two misdemeanor charges, and on January 2, 2019, the proceeding terminated in Plaintiff's favor. *Id.* at p. 5. Plaintiff alleges that these acts were performed with the authorization, condonation, and ratification of the County of Rensselaer, and pursuant to policy and procedure known and authorized by Defendant Russo. *Id.* at pp. 9-10. Plaintiff states that he asserts his claims pursuant to 42 U.S.C. §§ 1983 & 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. *Id.* at p. 1. He

---

[1] The Amended Complaint is not paginated; as such, the Court will cite to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

asserts four specific causes of action: (1) "[t]he warrantless arrest in the residence and trespass upon property"; (2) malicious prosecution; (3) "warrantless arrest pursuant to Sarah Romano's slanderous allegations"; and (4) false arrest and imprisonment. *Id.* at pp. 5-11. Plaintiff seeks compensatory and punitive damages. *Id.* at p. 11.

### C. Analysis

As an initial matter, upon review of Plaintiff's original Complaint, the Court recommended that Plaintiff's claims regarding his allegedly improper arrest, conviction, and/or imprisonment be dismissed. The Court noted that "[t]he facts surrounding Plaintiff's claims regarding his arrest and prosecution are a bit unclear insofar as the Complaint does not specifically allege whether the criminal charges filed against him have been resolved or whether those charges remain pending." Dkt. No. 7 at p. 6. As such, because a plaintiff "cannot pursue a civil rights claim based on false arrest and malicious prosecution while criminal charges are still pending against him in State Court," the Court found that the claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* (quoting *Singleton v. State of N.Y.*, 1998 WL 438530, at *2 (S.D.N.Y. July 31, 1998)). Plaintiff has now alleged in his Amended Complaint that "on January 2, 2019, the proceeding terminated in plaintiff's favor." Am. Compl. at p. 5. As such, Plaintiff has pled the "termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. at 484. Plaintiff has sufficiently amended his complaint to survive review on that basis.

In his Amended Complaint, Plaintiff pleads a Fourth Amendment claim against

Defendant Gladwin and the Six Watervliet Police Department Officers. "The Fourth Amendment protects individuals in their homes 'against unreasonable searches and seizures.'" *Lautman v. Vill. of Saugerties, N.Y.*, 2014 WL 1653189, at *5 (N.D.N.Y. Apr. 23, 2014). "A warrantless search is '*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" *United States v. Elliot*, 50 F.3d 180, 185 (2d Cir. 1995) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)). In deference to Plaintiff's *pro se* status, the Court finds that his allegations are sufficient to state a Fourth Amendment claim and require a response from Defendants. Plaintiff has also asserted a trespass claim, alleging that the Defendants entered his home without any evidence that Plaintiff had committed a crime, and without his permission. Am. Compl. at p. 7. At this stage in the proceedings, Plaintiff's trespass claim is permitted to proceed.

Plaintiff also pleads a malicious prosecution claim. He alleges that Defendant Romano slanderously gave Defendant(s) Manzer and/or Panichi false information about him, and that Defendants Manzer, Panichi, Gladwin, and the six Watervliet Police Officers maliciously and arbitrarily acted on this information without any reason to believe Plaintiff was responsible for the allegations, falsely arresting and falsely imprisoning him. Am. Compl. at pp. 8-9.

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003); *see also Kilburn v. Vill. of Saranac*

*Lake*, 413 Fed. Appx. 362, 363 (2d Cir. 2011) (stating that, under New York law, a false imprisonment "claim is identical to a false arrest claim"). "Under New York law, the elements of a false imprisonment claim are: '(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *Broughton v. State*, 37 N.Y. 2d 451, 456 (1975)). The elements of a malicious prosecution claim are "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983) (internal quotation marks omitted)). Plaintiff alleges false arrest, false imprisonment, and malicious prosecution sufficiently to survive initial review.

Finally, Plaintiff alleges that Defendant Romano "willingly, wrongfully, maliciously, intentionally, and slanderously" provided information to Defendant(s) Manzer and/or Panichi that Plaintiff had committed an offense. Am. Compl. at pp. 8-9. "The elements of a state law claim for slander are: (1) defamatory statement or fact; (2) that is false; (3) published to a third party; (4) of or concerning the plaintiff; (5) either causing harm or constituting slander *per se*, and (6) not protected by privilege." *Zavalidroga v. Madison Cty.*, 2017 WL 9509963, at *14 (N.D.N.Y. Apr. 14, 2017) (citing *Albert v. Loksen*, 239 F.3d 256, 266 (2d Cir. 2001)). Considering Plaintiff's *pro se* status, he has plausibly alleged facts supporting such a claim.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 11) be accepted for filing and that this case be allowed to proceed; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with a copy of the Amended Complaint, a packet containing General Order 25, and a copy of this Decision and Order to the United States Marshal for service upon Defendants; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure.

Date: March 14, 2019
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge